# EXHIBIT A

rec'd 10.20.14
1:30pm

Chad A. Schaub (AZ SBN 030226)
Schaub Law Firm, PLLC
1755 S. Val Vista Drive, Suite 200
Mesa, Arizona 85204
DD: 480-744-6550
Fax: 480-717-4041
chad@schaubfirm.com

Scott G. Hunziker (TX SBN 24032446)
scott@vosslawfirm.com
M. Shane Thompson (TX SBN 24047043)
shane@vosslawfirm.com
THE VOSS LAW FIRM, PC
The Voss Law Center
26619 Interstate 45
The Woodlands, Texas 77380
Telephone:  713-861-0015
Fax:  713-861-0021

Attorneys for Plaintiffs

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| PHILIP AND TONYA MANN | Case No.:  CV2014-096357 |
| Plaintiffs, | **SUMMONS** |
| v. | |
| SWISS-AMERICA TRADING CORP. | If you would like legal advice from a lawyer, Contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |
| Defendant. | |

COMPLAINT - 1

**THE STATE OF ARIZONA** to the Defendant:

**SWISS-AMERICA TRADING CORP.**

**YOU ARE HEREBY SUMMONED** and required to appear and defend within the time applicable, in this action in this court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona—whether by direct service, by registered or certified mail, or by publication – you shall appear and defend within 30 days after service of the Summons and Petition/Complaint upon you is complete, exclusive of the day of service. Service with registered or certified mail out of the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. **A.R.C.P. Rule 4; A.R.S. §§25-311 to 25-381.24.**

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default will be taken against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you

1  are required to serve a copy of any Answer or response upon the Plaintiffs'

2  attorney. **A.R.C.P. 10(D); A.R.S. §12-311; A.R.C.P. Rule 5**

3

4      REQUESTS FOR REASONABLE ACCOMMODATION FOR

5  PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION

6  ASSIGNED TO THE CASE BY PARTIES AT LEAST 3 JUDICIAL DAYS IN

7  ADVANCE OF A SCHEDULED COURT PROCEEDING.

8

9    **THE NAME AND ADDRESS OF THE PLAINTIFFS' ATTORNEYS IS:**

10

11                    **Chad A. Schaub**
                  Schaub Law Firm, PLLC
12            1755 S. Val Vista Drive, Suite 200
                    Mesa, Arizona 85204
13                Telephone: 480-744-6550

14
                    **Scott G. Hunziker**
15                  **M. Shane Thompson**
                  The Voss Law Firm, PC
16                  The Voss Law Center
                    26619 Interstate 45
17              The Woodlands, TX 77380
                  Telephone: 713-861-0015
18

19

20  **SIGNED AND SEALED THIS DATE:** _____

21                                    OCT 1 5 2014

22                              MICHAEL K. JEANES, CLERK
                                      R. ROMERO
                                    DEPUTY CLERK
23

24

25



                          COMPLAINT - 3

Chad A. Schaub (AZ SBN 030226)
Schaub Law Firm, PLLC
1755 S. Val Vista Drive, Suite 200
Mesa, Arizona 85204
DD: 480-744-6550
Fax: 480-717-4041
chad@schaubfirm.com

Scott G. Hunziker ( TX SBN 24032446)
scott@vosslawfirm.com
M. Shane Thompson (TX SBN 24047043)
shane@vosslawfirm.com
THE VOSS LAW FIRM, PC
The Voss Law Center
26619 Interstate 45
The Woodlands, Texas 77380
Telephone:  713-861-0015
Fax:  713-861-0021

Attorneys for Plaintiffs



COPY

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

OCT 1 5 2014

IN AND FOR THE COUNTY OF MARICOPA

MICHAEL K. JEANES, CLERK
R. ROMERO
DEPUTY CLERK

PHILIP AND TONYA MANN

    Plaintiffs,

v.

SWISS-AMERICA TRADING CORP.

    Defendant.

Case No.:

CV2014-096357

CERTIFICATE OF COMPULSORY ARBITRATION

Plaintiffs certifies that the largest award sought, including punitive damages, but excluding interest, attorneys' fees, and costs exceeds limits set by Local Rule for compulsory arbitration.  This case is not subject to the Uniform Rules of Procedure for Arbitration.

COMPLAINT - 5

1

2   DATED:

3   October 14, 2014

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

RESPECTFULLY SUBMITTED,

SCHAUB LAW FIRM, PLLC

By:_____
Chad A. Schaub (AZ SBN 030226)
Schaub Law Firm, PLLC
1755 S. Val Vista Drive, Suite 200
Mesa, Arizona 85204
DD: 480-744-6550
Fax: 480-717-4041
chad@schaubfirm.com

THE VOSS LAW FIRM, PC

By:_____
Scott G. Hunziker ( TX SBN 24032446)
scott@vosslawfirm.com
M. Shane Thompson (TX SBN 24047043)
shane@vosslawfirm.com
THE VOSS LAW FIRM, PC
The Voss Law Center
26619 Interstate 45
The Woodlands, Texas 77380
Telephone:  713-861-0015
Fax:  713-861-0021

Attorneys for Plaintiffs

Chad A. Schaub (AZ SBN 030226)
Schaub Law Firm, PLLC
1755 S. Val Vista Drive, Suite 200
Mesa, Arizona 85204
DD: 480-744-6550
Fax: 480-717-4041
chad@schaubfirm.com

Scott G. Hunziker ( TX SBN 24032446)
scott@vosslawfirm.com
M. Shane Thompson (TX SBN 24047043)
shane@vosslawfirm.com
THE VOSS LAW FIRM, PC
The Voss Law Center
26619 Interstate 45
The Woodlands, Texas 77380
Telephone:  713-861-0015
Fax:  713-861-0021

Attorneys for Plaintiffs

COMPLAINT - 7



OCT 1 5 2014
MICHAEL K. JEANES, CLERK
R. ROMERO
DEPUTY CLERK

1
2
3

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| 4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13 | PHILIP AND TONYA MANN;<br><br>    Plaintiffs,<br><br>    v.<br><br>SWISS-AMERICA TRADING<br>CORP.<br><br>    Defendant | **Case No.:** CV2014-096357<br><br>**COMPLAINT FOR:**<br><br>1) **ARIZONA CONSUMER FRAUD ACT §§44-1521 THROUGH §§44-1534;**<br>2) **BREACH OF CONTRACT;**<br>3) **FRAUD, NEGLIGENT MISREPRESENTATION, FRAUDULENT INDUCEMENT & NEGLIGENCE;**<br>4) **CONSPIRACY;**<br>5) **BREACH OF FIDUCIARY DUTY;**<br>6) **BREACH OF WARRANTY** |

14
15
16
17
18
19

    1.    Plaintiffs, Philip and Tonya Mann (hereinafter "Plaintiffs"), by and through their attorneys and pursuant to Ar.R.Civ.Pro 8, alleges as follows for their claims and makes the following allegations against Defendant, Swiss-America Trading Corp. (hereinafter "Defendant").

20
21
22
23
24
25

    2.    Plaintiffs Philip and Tonya Mann are individuals who resides in Rostraver Township, Pennsylvania. Plaintiffs were deliberately deceived in to purchasing a large number of very expensive coins from Defendant, who then jilted Plaintiffs through

hollow promises and unfulfilled representations regarding the anticipated value of these goods.

## PARTIES

3. Plaintiffs are individuals whose residence is located at 118 Highpoint Lane, Belle Vernon, Rostraver Township, Pennsylvania.

Defendant, Swiss-America Trading Corp., is a corporation engaged in the business of buying and selling gold coins. Defendant may be served by serving its Statutory Agent, Bronwin K. Barilla, Director of Administration, Swiss-America Trading Corp., at its address 15018 N. Tatum Boulevard, Phoenix, Arizona 85032 or wherever it may be found.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear Plaintiffs' claims under Arizona law and Arizona statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper pursuant to A.R.S. § 12-401, as all or a substantial part of the events giving rise this suit occurred within the city Phoenix, in Maricopa County, Arizona.

## FACTUAL ALLEGATIONS

5.   Plaintiffs were convinced and deceived, through intentionally misleading sales tactics utilized by Defendant, into purchasing thousands of dollars in allegedly "rare" coins. To accomplish this end, Defendant utilized a company-wide scheme that encouraged the use of unlawful and misleading selling-points and sales tactics on unsuspecting customers. Defendant specifically, intentionally and knowingly made countless false and misleading representations to Plaintiffs, in an attempt to extract money from Plaintiffs as an "investment" in Defendant's products. Due to Defendant's intentional, false and deceptive trade practices, Plaintiffs have suffered substantial and continuing monetary losses and severe mental anguish.

6.   Prior to the filing of this lawsuit, Plaintiffs were contacted by Defendant through its "boiler room" sales tactics, which were used as a company-wide scheme on unsuspecting customers such as the Plaintiffs. The tactics the Defendant utilized were specifically designed to coerce the Plaintiffs, among others, to purchase allegedly valuable yet actually bogus gold coins.

7.   Defendant employed misleading selling points and

unscrupulous sales tactics on unknowing customers such as the Plaintiffs, so that they would rely on such misrepresentations and purchase large amounts of coins from Defendant.   In the present matter, Defendant fabricated stories to Plaintiffs regarding the origin and value of the subject coins in order to increase the amount of sales made to Plaintiffs.   As its sales tactics continued through this pattern, Defendant guaranteed customers, including Plaintiffs, substantial increases and appreciation on her gold coin investment, however knowing that all such statements were false and intentionally misleading.

8.   In addition to making the above misrepresentations to Plaintiffs, Defendant offered "money back guarantee" to Plaintiffs if they could not realize their initial investment, further enticing them to purchase coins in amounts well beyond their financial means.  However, after making such a promise, and while clearly intending for Plaintiffs to rely on the same, Defendant would later disavow the guarantee, and leave Plaintiffs in a financially compromised state.

9.   Through the course of their communications, Defendant's sales representatives in this matter referred to Swiss-America Trading Corp. as bona fide "traders," and continually misrepresented to Plaintiffs that they worked on the "trading floor," even though they held no "license" necessary

to sell any coins at issue, and were in fact divided up into rooms in mere cubicles.  This course of action was intended to create artificial confidence in the mind of the Plaintiffs and other purchasers.

10.    Further, Defendant intentionally misled the Plaintiffs about the mark-up of each coin being sold, failing to disclose the true mark-up percentage on each item, and concealed the existence of a "middle-man" company, specifically established to facilitate additional mark-ups on coins that are never disclosed to customers.

11.    Finally, during the years of their relationship, Defendant consistently advised Plaintiffs to take their money out of more secure investment vehicles such as stocks, certificates of deposit and bond, and to use those funds to purchase larger amounts of allegedly "rare coins," while knowing that the same did not possess the high values advertised by Defendant.    Moreover, Defendant told Plaintiffs on numerous occasions that the coins at issue would "outperform" Plaintiffs' investments in other areas, without any underlying data to support such assertions.

12.    As to all of the above, Plaintiffs relied to their detriment on Defendant's misrepresentations in purchasing all coins subject of this lawsuit.    Due to Defendant's intentional, false and deceptive practices, Plaintiffs have suffered monetary losses into the millions of dollars.

## AGENCY

13.   All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives.   Such were either done with the full authorization or ratification of Defendant and/or were completed in the normal and routine course and scope of employment by Defendant.

## DISCOVERY RULE

14.   For all purposes within the present litigation, Plaintiffs plead the Discovery Rule.   Specifically, Plaintiffs have consistently maintained, since this litigation began, that it was not until within 12 to 24 months of filing the original lawsuit that they became aware as to the nature of Defendant's conduct, which subjectively caused all of Plaintiffs' damages in this matter.

## CLAIMS AGAINST DEFENDANT

## FIRST CAUSE OF ACTION

**(ARIZONA CONSUMER FRAUD ACT: §§44-1521 THROUGH §§44-1534)**

15.   Plaintiffs hereby incorporate by reference all facts and circumstances set forth under going the foregoing paragraphs.

16.   Section 44-1522, of the Arizona Revised Statutes states,"The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or

concealment, suppression or omission, in connection with the sale or advertisement of any, merchandise whether or not any person has in fact been mislead, deceived or damaged thereby, is declared to be an unlawful practice."

17.    Based upon actions by Defendant described above, we believe we can show Defendant engaged in actionable fraud regarding the sale of gold coins. Plaintiffs relied on Defendant's misrepresentations, and that as a result, Plaintiffs sustained consequent and proximate damage.

WHEREFORE, Plaintiffs pray the Court enter judgment in their favor and against Defendant for breach of contract, award them compensation in an amount that will fully and fairly compensate them for the injuries caused by Defendant's breach, and grant all other relief just and proper in the circumstances.

## <u>SECOND CAUSE OF ACTION</u>
### (BREACH OF CONTRACT)

18.    Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

19.   Defendant breached an express and/or implied agreement with Plaintiffs by failing to provide or secure specific goods that to contracted with Plaintiffs to provide, namely valuable gold coins.

20.   As a result of the Defendant's breach of agreement, Plaintiffs have sustained monetary damages, which include but are not limited to, all monies wrongfully realized by Defendant as a result of its improper conduct. In addition, Plaintiffs seek all attorney's fees available.

### THIRD CAUSE OF ACTION

### (FRAUD, NEGLIGENT MISREPRESENTATION, FRAUDULENT INDUCEMENT & NEGLIGENCE)

21.   Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

22.   Defendant negligently promoted, marketed, advertised and sold the subjects coins(s) to Plaintiffs.

23.   Defendant breached their undelegable duty to Plaintiffs by failing to exercise reasonable care in promoting, marketing, advertising, and selling the subject coin(s) to Plaintiffs.

24.   Defendant made false representations to Plaintiffs during the course of business by supplying false information regarding a transaction in which Defendant had a monetary interest.

25.    Defendant supplied false information for the specific purpose of coercing Plaintiffs into the purchase of said coins.

26.    Defendant failed to exercise reasonable care and competence in obtaining and communicating such information to Plaintiffs.

27.    Defendant is liable to Plaintiffs under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendant's misrepresentations were for the specific purpose and intent of inducing Plaintiffs into purchasing the subject coins.

28.    Plaintiffs relied on the above-referenced misrepresentations to their detriment. As a result, Plaintiffs have suffered monetary damages, mental anguish, and has been forced to incur and attorney fees. Accordingly, Defendant is liable for damages, including, but not limited to these, plus 18% penalty interest.

## FOURTH CAUSE OF ACTION

### (CONSPIRACY)

29.    Plaintiffs hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30.    Through a meeting of the minds, Defendant conspired to collectively to carry out the following:

A.     Defendant knowingly and intentionally made false representation that the subject coin(s) were of a particular standard, quality, or grade;

B.     Defendant knowingly took advantage of Plaintiffs' lack of knowledge and experience to a grossly unfair degree. Defendants intentional and flagrant conduct resulted in a grossly unfair disparity between value received by Plaintiffs and the consideration paid by the Plaintiffs; and

C.     Defendant knowingly sold the subject coin(s) for a different value than what the gold coins were actually worth.

31.     Defendant knew that the collective acts outlines above would result in harm to Plaintiffs. Nevertheless, Defendant conspired to take advantage of Plaintiffs through the acts outlines above, and the same proximately caused monetary damage to Plaintiffs.

## FIFTH CAUSE OF ACTION

### (BREACH OF FIDUCIARY DUTY)

32.     Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

33.   Defendant owed a fiduciary duty to Plaintiffs, including a duty of good faith and fair dealing. Defendant unquestionably breached that fiduciary duty by the following acts and omissions:

A.   The subject transactions between Defendant and Plaintiffs were unfair and not equitable to Plaintiffs;

B.   Defendant did not make reasonable use of, and in fact abused, the confidence Plaintiffs placed in them;

C.   Defendant did not act in good faith and did not exercise scrupulous honesty towards Plaintiffs;

D.   Defendant did not place the interests of Plaintiffs before their own, and misinformed Plaintiffs to gain a direct benefit for themselves;

E.   Defendant placed themselves in a position where self-interest conflicted with their obligations as a fiduciary; and,

F.   Defendant did not fully and fairly disclose all important information to Plaintiffs concerning the sale of subject coins.

34.   Essentially, Plaintiffs placed in Defendant a significant level of trust and confidence, as the Defendant represented themselves to be experts within the coin industry. Accordingly, Defendant is liable for Plaintiffs' damages for breach of fiduciary duty.

## SIXTH CAUSE OF ACTION

## (BREACH OF WARRANTY

35.   Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

36.   Defendant has breached an express warranty by representing to Plaintiffs' that they would receive particular types of rare and valuable coins. As such representation was objectively false, this breach entitles Plaintiffs to recover under Arizona State Law.

37.   Moreover, Defendant's express representation became the basis of the subject bargain, and Plaintiffs objectively relied on such representations. Notwithstanding, the reportedly "rare" coins woefully failed to conform to Defendant's representations.

## CONDITIONS PRECEDENT

38.   Plaintiffs incorporate by reference all facts and circumstances set forth under the forgoing paragraphs.

39.   All conditions precedent to any recovery by Plaintiffs have been met or have occurred.

## DAMAGES

40.    Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

41.    Plaintiffs sustained certain damages as a result of Defendant's actions, including but not limited to, the following:

A.    Economic and consequential damages totaling an amount in excess of the minimal jurisdictional limits of this court. This includes, but is not limited to, all Plaintiffs' pecuniary loss, out-of-pocket expenses, benefit-of-the-bargain damages, costs of mitigation and time;

B.    Plaintiffs' past and present mental anguish;

C.    Punitive damages;

D.    Pre- and post-judgment interest;

E.    All court costs; and

F.    Plaintiffs' attorney's fees, including such fees incurred during pre-trial, trial and/or appellate activities.

## JURY DEMAND

42.    Plaintiffs demand a jury trial on all triable matters.

*Attorney for Plaintiff*

OF COUNSEL:

THE VOSS LAW FIRM, P.C.

Scott G. Hunziker
M. Shane Thompson
The Voss Law Center
26619 Interstate 45
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
shane@vosslawfirm.com

**RESPECTFULLY SUBMITTED,**

DATED:                    Schaub Law Firm, PLLC

October 14, 2014

By:_____
            Chad A. Schaub
            Attorney for Plaintiff

COMPLAINT - 22

## PRAYER

43.   WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for the damages requested above, in an amount in execs of the minimum jurisdictional limits of this Court, along with pre-judgment and post-judgment interest at the maximum rate allowed by law, all costs of court, all attorneys fees incurred, and for such other bad further relief to which Plaintiffs may be justly entitled, whether general or specific, at law of in equity, and whether pled or un-pled within this Original Petition.

**RESPECTFULLY SUBMITTED,**

DATED this 14th day of October, 2014.

**SCHAUB LAW FIRM, PLLC**

Chad A. Schaub
Schaub Law Firm, PLLC
1755 S. Val Vista Drive
Suite 200
Mesa, AZ 85204
Telephone: 480-744-6550
Fax: 480-717-4041
chad@schaubfirm.com

COMPLAINT - 21

EXHIBIT B

1

2

3   **Jaburg & Wilk, P.C.**
    3200 N. Central Avenue, 20th Floor
4   Phoenix, AZ 85012
    602.248.1000
5
    Kraig J. Marton (003816)
6   kjm@jaburgwilk.com
    Mark D. Bogard (018247)
7   mdb@jaburgwilk.com

8   Attorneys for Defendant Swiss-America Trading Corp.

9

10                  **SUPERIOR COURT OF ARIZONA**

11                    **COUNTY OF MARICOPA**

12
    PHILIP AND TONYA MANN,
13                                          Case No. CV2014-096357
                    Plaintiffs,
14                                          **NOTICE TO PLAINTIFFS AND
    v.                                      STATE COURT OF REMOVAL OF
15                                          ACTION TO FEDERAL COURT**
    SWISS-AMERICA TRADING CORP.,
16
                    Defendant.
17                                          (Assigned to Honorable David K. Udall)

18

19

20         Pursuant to 28 U.S.C. § 1446(d), Defendant Swiss-America Trading Corp.

21  notifies Plaintiffs and the Arizona Superior Court that Defendant has filed a Notice of

22  Removal of this action to the United States District Court for the District of Arizona .

23  *See* **Exhibit One**, Notice of Removal (exhibits omitted).

24

25

26

13410-13410-00004\MDB\SLD\1530567.1

DATED this 18th day of November, 2014.

**Jaburg & Wilk, P.C.**

/s/ Mark D. Bogard
Kraig J. Marton
Mark D. Bogard
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
Attorneys for Defendant Swiss-America Trading
Corp.

**ORIGINAL E-FILED** and **COPY** mailed
this 18th day of November, 2014, to:

Chad A. Schaub, Esq.
SCHAUB LAW FIRM, PLLC
1755 S. Val Vista Drive, Suite 200
Mesa, Arizona 85204
chad@schaubfirm.com
Attorneys for Plaintiffs

Scott G. Hunziker, Esq.
M. Shane Thompson, Esq.
THE VOSS LAW FIRM, PC
The Voss Law Center
26619 Interstate 45
The Woodlands, Texas 77380
scott@vosslawfirm.com
shane@vosslawfirm.com
"Of Counsel" for Plaintiffs

/s/ Stephanie L. Dolfini

2